UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA                  :         08 CR. 157 (DLC)

    - v -                                              :

**RICHARD MARTINEZ**                          :

    Defendant.                              :

------------------------------------------------------X

## DECLARATION OF RICHARD MARTINEZ

    I, Richard Martinez, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1.     I am the defendant in the above captioned criminal case, and I make this declaration in support of a motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained from me by law enforcement authorities in violation of my constitutional rights. Since the only purpose of this declaration is to show that my constitutional rights were violated, I have not included every detail of what occurred.

2.     Around 11:00 p.m. on January 31, 2008, I was walking with two other people. We were walking normally and I was not adjusting or touching my upper body or jacket.

3.     The three of us were crossing Heath Avenue on the corner of Kingsbridge Road in the Bronx, not following anyone else.

4.     As we were half-way through the intersection three policemen came running towards us and told us to stay right there and not to move.

5. One of the officers then began frisking me and patting me down. After frisking me, he reached inside my jacket and retrieved a gun. Prior to being stopped and searched by the police, I had done nothing to arouse the suspicion of the police.

6. Shortly after my arrest, I made incriminating statements regarding my possession of the gun.

7. At no time did I consent to the search of my person by the police.

8. Based on discussions with my attorney, it is my understanding that the police violated my constitutional rights when they stopped, frisked and searched me.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: New York, New York
April 25, 2008

_____
Richard Martinez

08 MAG 0256

Approved: _____
          AMY LESTER
          Assistant United States Attorney

Before:   HONORABLE DOUGLAS F. EATON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :   SEALED COMPLAINT

          - v. -                  :   Violation of
                                      18 U.S.C. § 922(g)(1)
RICHARD MARTINEZ,                 :
                                      COUNTY OF OFFENSE:
          Defendant.              :   BRONX

- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     EDGARDO BARBOT, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

                        COUNT ONE

     On or about January 31, 2008, in the Southern District of New York, RICHARD MARTINEZ, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about March 28, 2006, in New York Supreme Court, Bronx County, for criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law 220.09(6), a Class C felony, did possess in and affecting commerce, a firearm, to wit, a loaded Rohm .22 caliber revolver, which previously had been shipped and transported in interstate and foreign commerce.

     (Title 18, United States Code, Section 922(g)(1).)

     The bases for my knowledge and the foregoing charge are, in part, as follows:

     1.   I am a Detective with the NYPD, assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement agents and others and my examination of reports and records. Because this affidavit is

being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    2.    I have spoken with an Officer with the NYPD ("Officer-1"), from whom I have learned the following, in substance and in part:

    (a)    On or about January 31, 2008, Officer-1, his partner ("Officer-2") and an NYPD Sergeant ("Sergeant-1") were on patrol in an unmarked van (the "Police Van") on Heath Avenue near West Kingsbridge Road in the Bronx, New York.

    (b)    Officer-1 observed RICHARD MARTINEZ, the defendant, walking with two other individuals towards the intersection of Heath Avenue and West Kingsbridge Road. MARTINEZ and the other two individuals appeared to be following another individual, who was walking approximately ten to fifteen feet ahead of them. Officer-1 saw MARTINEZ repeatedly adjust and touch the upper right area of his jacket, while looking around him.

    (c)    Shortly thereafter, Officer-1, Officer-2, and Sergeant-1 got out of the Police Van and approached MARTINEZ and the two individuals with whom he had been walking. Officer-1 asked MARTINEZ if he had anything on him that he shouldn't have, and after MARTINEZ said that he did not, Officer-1 asked MARTINEZ if he could pat him down. MARTINEZ consented.

    (d)    When Officer-1 patted the area that MARTINEZ had been adjusting and touching, Officer-1 felt what he immediately recognized to be a gun. At that point, Officer-1 recovered the gun from MARTINEZ, and MARTINEZ was placed under arrest. MARTINEZ also acknowledged that he had some bullets in another pocket, which Officer-1 also recovered.

    3.    After his arrest, RICHARD MARTINEZ, the defendant, was read and signed a waiver of his <u>Miranda</u> rights and provided a written statement. In that statement, MARTINEZ said, in substance and in part, that he had been beat up approximately one month earlier and had obtained the gun approximately two days prior to his arrest for his own protection.

    4.    I have reviewed the NYPD arrest report and evidence voucher that identify the gun recovered from RICHARD

2

MARTINEZ, the defendant, as a Rohm .22 caliber revolver. Based on my training and experience, and my conversations with other law enforcement agents, including an ATF agent familiar with where firearms are made, I know that Rohm .22 caliber revolvers are not and have never been manufactured in the State of New York.

5.  I have reviewed criminal records pertaining to RICHARD MARTINEZ, the defendant. Those records reveal that MARTINEZ was convicted on or about March 28, 2006, in New York Supreme Court, Bronx County, for criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law 220.09(6), a Class C felony, and was on probation relating to this charge at the time of the instant offense.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of RICHARD MARTINEZ, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

Det. E. Barbot
DETECTIVE EDGARDO BARBOT
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
6th day of February, 2008

HONORABLE DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

TOTAL P.04