UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA          :          08 CR. 157 (DLC)

      - v -                                            :

**RICHARD MARTINEZ,**                       :

      Defendant.                           :

-------------------------------------------------------X

# DEFENDANT MARTINEZ' MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL STOP, SEARCH AND SEIZURE

                    LEONARD F. JOY, ESQ.
                    Federal Defenders of New York
                    Attorney for Defendant
                      **Richard Martinez**
                    52 Duane Street - 10th Floor
                    New York, New York 10007
                    Tel.: (212) 417-8713

                    **SABRINA P. SHROFF, ESQ.**

TO:    MICHAEL J. GARCIA, ESQ.
        United States Attorney
        Southern District of New York
        One. St. Andrew's Plaza
        New York, New York 10007
        Attn: **AMY LESTER, ESQ.**
            Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA          :          08 CR. 157 (DLC)

- v -                                            :

**RICHARD MARTINEZ,**                  :

      Defendant.                        :

------------------------------------------------------X

### DEFENDANT MARTINEZ' MOTION AND MEMORANDUM IN SUPPORT THEREOF TO SUPPRESS EVIDENCE BASED UPON AN ILLEGAL STOP, SEARCH AND SEIZURE

The defendant, Richard Martinez, is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Martinez hereby moves under the Federal Rules of Criminal Procedure 12(b)(3) and 41(h) to suppress evidence obtained as the result of an illegal stop, search and seizure by officers of the New York Police Department on January 31, 2008.

### Factual Background

Around eleven in the evening of January 31, 2008, Richard Martinez along with two others was crossing Heath Avenue and Kingsbridge Road in the Bronx. (Declaration of Richard Martinez (hereinafter Martinez Decl.), ¶ 2, 3). As they were walking, the several officers came up to him and told him to stay right there and not to make a move. The officer then approached Mr. Martinez and began frisking him. (Id., ¶¶4, 5). After frisking him, the officer reached inside Mr. Martinez' jacket and retrieved a gun. Decl. ¶ 5. Mr. Martinez was then arrested (Id.). At no time did Mr. Martinez consent to the search of his person by the police. (Id., ¶ 7). Shortly

after his arrest, Mr. Martinez made incriminating statements regarding his possession of the gun. (Id., ¶ 6).

### The Complaint

The Complaint in this case was sworn out by Detective Edgardo Barbot and is based on statements made to him by one of the officers (referred to in the Complaint as "Officer 1") involved in the stop and search. (See Complaint, ¶ 2, attached to Martinez Declaration as Exhibit A). According to Officer 1, on January 31, 2008, he and one other police officer ("Officer 2") and a sergeant with the NYPD (hereinafter "Sgt.") were patrolling in an unmarked car along Heath Avenue and West Kingsbridge Road. The complaint goes on to allege that Officer 1 observed Mr. Martinez "walking with two other individuals" and appeared to be following "another individual" who was ten feet ahead. Complaint ¶ 2(b).

The complaint then alleges that the police officers observed Mr. Martinez "repeatedly adjust and touch the upper right area of his jacket." Complaint ¶ 2(b). Based on this observation, the officers decided to "approach" Mr. Martinez. (Id.).

Officer 1 avers that he approached Mr. Martinez and asked him if he had anything on him that he should not have. According to the complaint, Mr. Martinez told him he did not and then Officer 1 secured Mr. Martinez' consent to "pat him down". During the "pat down" Officer 1 felt what he "immediately recognized to be a gun." Complaint ¶ 2(d). Mr. Martinez was then arrested.

### ARGUMENT

The police did not have a lawful basis to stop or frisk Mr. Martinez, and the gun recovered from his person was obtained in violation of the Fourth Amendment.

I. <u>The Stop</u>

A police officer may briefly detain and question an individual without a warrant only where the officer has a reasonable suspicion "that criminal activity may be afoot." <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). In evaluating whether an officer's reasons for a stop are legally sufficient, a court must determine if the officer had a "reasonable suspicion, based on specific and articulable facts, of unlawful conduct." <u>United States v. Bayless</u>, 201 F.3d 116, 132 (2d Cir.2000); <u>see also</u>, <u>United States v. Scopo</u>, 19 F.3d 777, 781 (2d Cir.1994).

Here, there was no reasonable and specific basis for suspecting that Mr. Martinez was engaged in criminal activity. He was walking on the street with two other people around eleven o'clock at night. Martinez Declaration at ¶ 2. He was not acting in any way disorderly or suspicious; rather, he was engaging in a normal activity that thousands of New Yorkers engage in every day. When the officers came up to him, he did nothing less than what he was told to do: he did not move.

II. <u>The Frisk</u>

Even if Mr. Martinez' initial stop was somehow lawful, his subsequent frisk was not. In order to conduct a lawful frisk without a warrant and without probable cause to arrest, the police need to have an objectively reasonable belief that a person is armed and presently dangerous. <u>See</u>, e.g., <u>Ybara v. Illinois</u>, 444 U.S. 85, 93 (1979) ("Nothing in <u>Terry</u> can be understood to allow a generalized 'cursory search for weapons'..."); <u>United States v. Jaramillo</u>, 25 F.3d 1146, 1151 (2d Cir.1994) (in order to frisk for weapons, the police must have a reasonable belief that the individual is "armed and presently dangerous to the officer or others.").

Here, for the same reasons enumerated above, Mr. Martinez was not only acting in a

4

perfectly law-abiding manner, but he gave no reasonable indication whatsoever that he was "armed and presently dangerous." Courts within the Second Circuit have found reasonable suspicion lacking for a Terry stop or frisk under far more suspicious circumstances than those present here. See, e.g., United States v. Antuna, 186 F.Supp.2d 138, 145 (D.Conn. 2002) (no reasonable suspicion for stop where officer spotted someone he thought was wanted, who quickly looked away upon seeing the police and then intently watched the police after they drove away); United States v. Arenas, 37 F.Supp.2d 322, 327 (SDNY 1999) (no reasonable suspicion for stop or frisk where officers spotted a group of three men that appeared to be falsely posing as tourists and walking in an unusual formation, entered a store with one man appearing to act as a lookout and upon making eye contact with the police, left the store, walked quickly away and placed a dark object in his jacket pocket.).

The police did not have an objectively reasonable and specific basis for believing Mr. Martinez was armed and dangerous, and the frisk was unlawful. Since Mr. Martinez did not consent to the search of his person, Martinez Decl. at ¶ 7, absent consent or a warrant, the frisk of Mr. Martinez' person was unlawful.

### III. The Statements

The same morning of his arrest, while in custody, Mr. Martinez made a statement regarding his possession of the gun. Because Mr. Martinez was arrested based on an unconstitutional search and seizure, any subsequent statements made by him while in custody must also be suppressed as the fruits of the Fourth Amendment violation. Brown v. Illinois, 422 U.S. 590 (1975).

**CONCLUSION**

The evidence recovered as a result of the stop, frisk and search of Mr. Martinez on January 31, 2008 should be suppressed. Mr. Martinez did not consent to the search of his person, and the police did not have an objectively reasonable and specific basis to believe that he was engaged in criminal activity or that he was armed and dangerous.

**Wherefore**, it is respectfully requested that this Court enter an order suppressing the physical evidence obtained by the New York Police Department in violation of the Fourth Amendment to the United States Constitution and all fruits of that illegal conduct.

Dated: New York, New York
April 24, 2008

                                  LEONARD F. JOY, ESQ.
                                  Federal Defenders of New York
                                  Attorney for Defendant
                                    **Richard Martinez**
                                  52 Duane Street - 10th Floor
                                  New York, New York  10007
                                  Tel.: (212) 417-8713

                                  _____
                                  SABRINA P. SHROFF

TO:   MICHAEL J. GARCIA, ESQ.
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York  10007
       Attn.: **AMY LESTER, ESQ.**
             Assistant United States Attorney